CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

AUG 2 5 2015

JULIA C. DUDLEY, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BARUCHYAH BEDEYAH HAWKINS,<br>Petitioner, | Civil Action No. 7:15-cv-00382 |
| v. | **MEMORANDUM OPINION** |
| HAROLD W. CLARKE,<br>Respondent. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Baruchyah Bedeyah Hawkins, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleges that violations of due process during his parole hearing warrant his immediate release from incarceration. This matter is before me for preliminary review, pursuant to Rule 4 of the Rules Governing Section 2254 Cases. After reviewing the record, I dismiss the petition because Petitioner is not entitled to habeas relief.

Petitioner acknowledges that he does not challenge his conviction for, inter alia, homicide for which he is serving a life sentence. Rather, he challenges the alleged unconstitutional denial of parole. I must "focus[] on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson v. Dotson, 544 U.S. 74, 81 (2005). Petitioner's claims, even if successful, would not "necessarily spell speedier release" from custody because Petitioner would be entitled to, at most, reconsideration of parole release at a new parole hearing.[1] Id. at 82. Thus, Petitioner's claims do

---

[1] Although Petitioner asks to be immediately released from imprisonment, he does not have a constitutional right to be paroled before he dies in prison. See Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.").

not lie within "the core of habeas corpus" and may be brought, if at all, via 42 U.S.C. § 1983. <u>Id.</u> at 81. Accordingly, I dismiss the petition without prejudice because Petitioner is not entitled to habeas relief. Based upon my finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

**ENTER**: This 25th day of August, 2015.

Senior United States District Judge